WALTER HAYWOOD YORK V. STATE

No. 27,990. February 1, 1956.

E. T. *Miller* and *Harold D. Sanderson*, Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender, as denounced by Article 802b, V.A.P.C.; the punishment, six months in jail and a fine of $200.00.

The prior misdemeanor conviction in Swisher County alleged in the indictment was established

Ice deliveryman, Hurn, testified that he observed the appellant driving his automobile on the day in question in such a manner as to force the witness off the road, that he took the license number, and called the highway patrol.

Highway Patrolmen Wells and Miller testified that they received a call and were looking for an automobile bearing a certain number, that they observed an automobile which fit the description weaving back and forth across the center line of the pavement, and brought the same to a halt. They stated that the appellant, who was the driver, got out and leaned up against his automobile, that his eyes were bloodshot, and expressed the opinion from his manner of speech and facial appearance that he was intoxicated.

The appellant, testifying in his own behalf, admitted having drunk two beers on the afternoon in question, but denied that

he was intoxicated. He explained his erratic driving by stating that he was having trouble with his accelerator.

The jury resolved the disputed issue of his intoxication against him, and we find the evidence sufficient to support their verdict.

The sole question presented for review grows out of the cross-examination of the appellant's mother. The appellant had filed an application for a suspended sentence but offered no witness as to his reputation as a peaceable and law-abiding citizen. His mother, on direct examination, stated that the appellant had never before been convicted of a felony and, without objection being offered, expressed the belief that if the jury gave him a suspended sentence he would straighten up and be a good citizen, The prosecutor on cross-examination asked her if he correctly understood her testimony to be that the appellant bore a good reputation. To this question, there was no objection. The witness answered that she thought so.

We quote from the cross-examination which followed:

"Q. Have you discussed his conduct with other people? A. Yes sir.

"Q. Have you heard that he was convicted for DWI in October, in Potter County? A. Yes sir, I did.

"Q. Have you heard he was convicted of DWI in April, 1951, in Potter County?

"Mr. Montgomery: We object to all that.

"The Court: Sustain the objection; you can't inquire of specific offenses.

"Mr. Montgomery: And I move the jury be instructed not to consider those questions, or any answers given.

"The Court: The jury is so instructed."

Since the witness had not testified as to the good reputation of the appellant, the state's questions were improper, but not unil after four of such questions had been asked did the appellant object, and when he made a general objection it was sus-

tained, and the jury were instructed not to consider the questions and answers.

Since the court did everything the appellant asked him, we have concluded that the appellant cannot now complain that he should have done more.

The judgment is affirmed.